1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    MIGUEL AMARO,                              No. C 08-2338 TEH (PR)

10              Petitioner,                     ORDER TO SHOW CAUSE

11     vs.

12   BEN CURRY, Warden,

13              Respondent.

14   _____/

15        Petitioner, a California state inmate at the Correctional Training Facility in

16   Soledad, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28

17   U.S.C. § 2254 challenging the February 14, 2007 decision of the California Board of

18   Parole Hearings ("BPH") to deny him parole. Petitioner has paid the filing fee. This

19   order directs Respondent to show cause why the petition should not be granted.

20                              **BACKGROUND**

21        According to the petition and the attachments thereto, Petitioner was convicted in

22   Los Angeles County Superior Court in 1984 of second degree murder and kidnapping and

23   was sentenced to a term of fifteen years-to-life. Petitioner challenges the BPH's decision

24   finding him unsuitable for parole after a "split decision" that was referred to an en banc

25   panel for review who found him unsuitable by unanimous vote on March 20, 2007.

26   According to the petition, Petitioner filed a state petition for writ of habeas corpus in the

27   Los Angeles County Superior Court, which denied the petition on October 2, 2007.

28   Petitioner filed a petition for a writ of habeas corpus in the Court of Appeal, which denied

1 │ relief on February 21, 2008. Petitioner filed a petition for review in the California

2 │ Supreme Court, which denied review on April 23, 2008. The petition was filed in this

3 │ Court on May 6, 2008.

### DISCUSSION

5 │ A. Standard of Review

6 │ The Court may entertain a petition for a writ of habeas corpus "in behalf of a

7 │ person in custody pursuant to the judgment of a State court only on the ground that he is

8 │ in custody in violation of the Constitution or laws or treaties of the United States." 28

9 │ U.S.C. § 2254(a).

10 │ It shall "award the writ or issue an order directing the Respondent to show cause

11 │ why the writ should not be granted, unless it appears from the application that the

12 │ applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

13 │ B. Legal Claims

14 │ Petitioner seeks federal habeas corpus relief from the BPH's decision finding him

15 │ not suitable for parole on the following grounds: 1) there was no evidence in the record

16 │ showing that Petitioner is a current threat and danger to society; and 2) Petitioner's

17 │ conduct in the commitment offense was not particularly egregious. Liberally construed,

18 │ Petitioner's claims appear colorable under § 2254 and merit an answer from Respondent.

19 │ See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to

20 │ set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty

21 │ interest in release on parole which cannot be denied without adequate procedural due

22 │ process protections).

### CONCLUSION

24 │ For the foregoing reasons and for good cause shown,

25 │ 1. The Clerk shall serve by certified mail a copy of this order and the petition

26 │ and all attachments thereto on Respondent and Respondent's attorney, the Attorney

27 │ General of the State of California. The Clerk also shall serve a copy of this order on

28 │ Petitioner.

1    2.    Respondent shall file with the Court and serve on Petitioner, **within sixty**

2    **(60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of

3    the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

4    should not be issued.  Respondent shall file with the answer and serve on Petitioner a

5    copy of all portions of the state trial record that have been transcribed previously and that

6    are relevant to a determination of the issues presented by the petition.

7    3.    If Petitioner wishes to respond to the answer, he shall do so by filing a

8    traverse with the Court and serving it on Respondent **within thirty (30) days** of his

9    receipt of the answer.

10    4.    Petitioner is reminded that all communications with the Court must be

11    served on Respondent by mailing a true copy of the document to Respondent's counsel.

12    Petitioner must also keep the Court and all parties informed of any change of address.

13    SO ORDERED.

14    DATED: _____

THELTON E. HENDERSON
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3